IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICKY R. GARCIA,

       Petitioner,

v.                                          CIV 97-1449 BB/KBM

JOHN SHANKS, Warden, and
ATTORNEY GENERAL for the
State of New Mexico,

       Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on my first Proposed Findings and Recommended Disposition, *Doc. 28,* Petitioner Ricky Garcia's objections, *Doc. 29,* and the supplemental briefs of the parties, *Docs. 30, 31, 39, 40.* Garcia has been represented by appointed counsel since 1998. *See Doc. 19.*

I previously recommended that Garcia's § 2254 habeas corpus petition be dismissed as untimely if tolling was based solely on the April 23, 1996 state habeas petition. I incorporate my prior findings and recommend that Petitioner's objections to this finding be rejected for the reasons stated in the prior findings.

The parties' supplemental briefs address whether another still-pending state habeas petition filed in January 1996 serves to toll the applicable limitations period. This inquiry turns on whether the 1996 state petition/application meets the requirements of § 2244(d)(2). I find it does not.

## *I. Background*

The supplemental materials submitted by the parties reveal that the 1996 petition is actually the continuation of an earlier petition filed in 1995. *See Doc. 31,* Exhs. A-D. In August 1995, Petitioner filed a state habeas petition naming "the State of New Mexico" as respondent, seeking a transfer back to New Mexico from California because the prison there did not have New Mexico law in its library. *Id.,* Exh. A. The "proof of service" mail form attached to this petition shows he served it on the "Office of the Attorney General" at a post office box in Santa Fe. *Id.* (last page of document). On the very day it was filed, the state court dismissed the 1995 petition without prejudice as "formally defective" because it did not name an "officer or person" under N.M. STAT. ANN. § 44-1-5. The decision noted that the "failure is not fatal, however, and may be remedied by an amended Petition." *Id.,* Exh. B.

In January 1996, Petitioner filed another state habeas petition under the same case number as the 1995 petition. This time he named "Don Hoover, et. al. of the Corrections Department" as respondents. *See id.,* Exh. D (attachment B). His proof of service form shows that he mailed the petition to Mr. Hoover at a different post office box in Santa Fe. *Id.* (last page of document). Evidently, the way the second petition was docketed failed to trigger reopening of the matter for a judge to review. *See id.* Exh. C (docket sheet); *id,.* Exh. D (attachment A; docket sheet).

I issued my prior recommendation in January 2001, and noted that the 1996 petition appeared to be pending. Respondent then moved the state court to dismiss it as "not properly filed" on the ground that Petitioner mistakenly named and served the wrong person at the Corrections Department. Respondent contended that Garcia should have named and served the Warden of the New Mexico State Penitentiary or the Secretary of the Department of Corrections.

2

*Id.,* Exh. D.  The state judge's order declared the petition "not properly filed" but declined to

dismiss the matter.  Instead, the judge granted Petitioner permission to amend, and Petitioner's

attorney filed the amended petition naming the proper respondents.  *Doc. 40,* Exhs. A-B.

## II.  *Analysis*

The pertinent portion of § 2244 provides:

> The time during which a ***properly filed*** application for state post-
> conviction or other collateral review ***with respect to the pertinent***
> ***judgment or claim*** is pending shall not be counted toward any
> period of limitation under this section.

28 U.S.C. § 2244(d)(2) (emphasis added).  Respondent argues that Petitioner fails to meet either

of the highlighted criteria, and I agree although for somewhat different reasons.

### A.  **"With Respect to the Pertinent Judgment or Claim" Prong**

Although the state court matter is still pending, it is not pending "with respect to" a

"judgment or claim" in this case as required by § 2244(d)(2).  Petitioner asserts that because 1996

application raises constitutional issues that could not have been raised on direct appeal from the

convictions, the dictates of § 2244(d)(2) are satisfied.  As support, Garcia relies upon *Austin v.*

*Mitchell,* 200 F.3d 391 (6th Cir. 1999), *cert. denied,* 530 U.S. 1210 (2000) and *Tillema v. Long,*

253 F.3d 494 (9th Cir. 2001).  *See Doc. 39.*

Under § 2244(d)(2), the pending state application must relate to the "judgment or claims"

in the federal habeas case before the Court.  Here, the 1996 application and the federal habeas

petition are entirely unrelated.  In the pending state court proceedings, Garcia alleges that his

incarceration in California constitutes cruel and unusual punishment because he is far from his

family and friends, and violates due process and equal protection because he does not have the

3

same access to New Mexico legal materials as inmates housed in within the state. *Doc. 40,* Exh.

B. Despite boilerplate language to "vacate" a conviction or sentence, the state petition challenges

neither his murder convictions nor his sentence. Rather, it challenges the New Mexico

Department of Corrections decision to have him serve his sentences in a California prison and

raises federal civil rights claims.[1] Indeed, the relief sought in the state proceeding is Petitioner's

transfer back to a New Mexico prison. *Id.* at 4.

In contrast, the instant federal habeas petition challenges his three murder convictions

from two separate proceedings and raises claims of: involuntary guilty plea in one of the

proceedings; admission of inadmissible evidence and faulty jury instructions in the other

proceeding; ineffective assistance appellate counsel in one of the proceedings; and ineffective

assistance of counsel in both proceedings. *Doc. 1.* Thus, under the plain language of the statute,

the pending state proceeding does not toll the limitations period. Even the Sixth and Ninth

---

[1] There is Tenth Circuit authority holding that an "attack[] focusing on where his sentence will be served" can be challenged in a habeas proceeding under 28 U.S.C. § 2241, as well as under § 1983. *Montez v. McKinna,* 208 F.3d 862, 865-66 & n.2 (10th Cir. 2000); *see also Boyce v. Ashcroft,* 251 F.3d 911 (10th Cir.) (surveying cases, noting challenges to transfers/where sentence is served are brought under § 2241), *vacated on rehearing,* 268 F.3d 953 (10th Cir. 2001) (transfer of prisoner during pendency of appeal rendered petition moot, and warranted vacatur of prior judgment but denied prisoner's request that prior reported opinion be "depublished"). Using a habeas form as the vehicle for these claims does not change the result here. First, this Court has already entertained the "access to the courts" arguments on the merits after construing Garcia's other habeas petition as a 42 U.S.C. § 1983 complaint for violation of civil rights. *See Garcia v. Hoover,* CIV 96-449 MV/LCS. The complaint was dismissed and the dismissal affirmed on appeal, *Garcia v. Hoover,* 161 F.3d 17, 1998 WL 614673 (10th Cir. 1998) (unpublished). In my first recommended finding, I found the claim of lack of access to materials does not constitute grounds for equitable tolling. *Doc. 28* at 9-11. Second, it is a comparison of the substance of the state and federal proceedings that is critical for the § 2244(d)(2) analysis, not the form or label of the pleading.

4

Circuit decisions Petitioner cites support this conclusion.[2]

## B. "Properly Filed" Prong

Although this presents a difficult issue, in the alternative I agree with Respondents that the 1996 application is "not properly filed" as required for tolling under § 2244. The Supreme Court recently addressed what "properly filed" means for § 2244(d)(2) purposes. *See Artuz v. Bennett*, 531 U.S. 4 (2000). Quoting the *Artuz* decision, the Tenth Circuit reiterated that "[a] state application is 'properly filed' within the meaning of § 2244(d)(2) 'when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.'" *Williams v.Gibson*, 237 F.3d 1267, 1269 (10th Cir. 2001).

The *Artuz* court distinguished between "conditions of filing," which if not met render the state application not properly filed, and "conditions of relief," which if not met can result in dismissal of the application but do not render it improperly filed. The Supreme Court explained:

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. . . . . And an application is "*properly* filed" when its delivery and acceptance are

---

[2] *See Tillema,* 253 F.3d at 500 (limitations period is tolled "so long as the state collateral petitioner *either* attacks the pertinent judgment *or* contains the pertinent claim.") (emphasis original); *Austin,* 200 F.3d at 395 ("Just as such state review must concern a federally cognizable claim to toll the AEDPA period of limitation, so also the rule should be that such review must concern a federally cognizable claim that is being made in the instant habeas petition. Otherwise, the purpose of tolling, which is to provide the state courts with the first opportunity to resolve the prisoner's federal claim, is not implicated. We accordingly adopt this rule, and hold that a state petition for post- conviction or other collateral review that does not address one or more of the grounds of the federal habeas petition in question is not a review 'with respect to the pertinent judgment or claim" within the meaning of 28 U.S.C. § 2244(d)(2), and therefore does not toll the one-year AEDPA statute of limitations."); *but see also Carter v. Litscher,* 275 F.3d 663 (7th Cir. 2001) ("*Austin* reads the word 'judgment' out of § 2244(d)(2) and tolls the time only while a particular 'claim' (which *Austin* took to mean 'theory of relief') is before the state court. That is just not what the statute says. . . . We therefore disapprove *Austin's* holding.").

> in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. . . .  In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filer . . . or on all filers generally [citing certificate of appealability under § 2253(c)].

531 U.S. 4, ___, 121 S. Ct. 361, 363-64 (emphasis original, citations and footnotes omitted).[3]

Prior to *Artuz,* the Tenth Circuit adopted essentially the same distinction, contrasting "pure filing requirements" with "affirmative defenses that preclude a court from granting relief on the merits [thus requiring] analysis in some manner of the substance of the claims." *Habteselassie v. Novak,* 209 F.3d 1208, 1210 (10th Cir. 2000).

The "filed" requirement as articulated in *Artuz* will invariably be met because under state and federal civil rules, the clerk has no discretion to reject filings for their procedural or other irregularities.  *E.g., Ennis v. Kmart Corp.,*  130 N.M. 838 (N.M. App. 2001) (and federal and state decisions and rules cited therein).

The New Mexico rule governing "the procedure for filing a writ of habeas corpus," Rule 5-802(A) provides that:

---

[3]  Thus, in *Artuz* state procedural default rules that prohibit relief for claims previously decided on the merits on appeal or waived on appeal without justification did not render a state application improperly filed:

> Neither provision purports to set forth a condition to filing, as opposed to a condition to obtaining relief.  Motions to vacate that violate these provisions will not be successful, but they have been properly delivered and accepted so long as the filing conditions have been met. Consequently, the alleged failure of respondent's application to comply with [the state default rules] does not render it '[im]properly filed' for purposes of § 2244(d)(2).").

*Id.* at 365.

> A writ of habeas corpus will be issued only upon filing with the
> clerk of the court a petition on behalf of the party seeking the writ.
> ***The petition shall contain . . . the respondent's name and title.***
> ***The respondent shall be the petitioner's immediate custodian,***
> ***who shall have the power to produce the body of the petitioner***
> ***from custody if the petition is granted.***

Rule 5-802(B)(1) (emphasis added).

It is a close call in this case whether the "naming the correct respondent" rule is a "condition of filing" or a "condition of relief." Simply based on the language of the above rule, the naming the correct respondent could be characterized both as a condition of filing and as a condition of relief. It is a condition of filing in that it relates to the "form" of the petition. On the other hand, it can be characterized as a condition of relief to facilitate carrying out a grant of relief on the merits.

Respondent asserts that because it secured the state court ruling that the 1996 petition was "not properly filed," the trial judge's decision is binding on this Court according to *Johnson v. McCaughtry,* 265 F.3d 559, 564 (7th Cir. 2000). *Doc. 40* at 3. As I read the *Johnson* opinion, it does not necessarily stand for the proposition that a state court's characterization as to whether a pleading has been "properly filed" is conclusive and binding on a federal court. Rather, *Johnson* holds that this Court must "look[] at how the state courts have treated" the application in making the determination whether it was "properly filed." *Id.*

At issue in *Johnson* was the place for an application to be filed – one of the specific filing preconditions noted in *Artuz.* The *Johnson* court found two attempts to file[4] did not toll the

_____

[4] There Johnson filed his first post-conviction petition alleging ineffective assistance of trial counsel and arguing that he was excused from raising the issue on direct appeal because his appellate attorney was ineffective. Because of the allegation of appellate ineffectiveness, the trial court dismissed the petition and directed Johnson to file the petition in appellate court, which he

limitations period because the state courts refused to entertain the petitions on the procedural

ground that they had been filed in the wrong court:

> An application is "properly filed" when "its delivery and acceptance
> are in compliance with the applicable laws and rules governing
> filings.". . . Applicable laws and rules include "the court and office
> in which it must be lodged. . . ." We determine whether a petition
> is "properly filed" by looking at how the state courts treated it. . . .
> If a state court accepts and entertains the petition on its merits, it
> has been "properly filed," but if the state court rejects it as
> procedurally irregular, it has not been "properly filed.". . . Here,
> the Wisconsin state courts concluded that Johnson had not lodged
> his first two petitions in the appropriate place, and accordingly
> dismissed them on that procedural ground.

*Id.* at 564 (further citations omitted).

If I read and apply the *Johnson* test broadly, the 1996 application could be characterized

as "properly filed." Here, unlike *Johnson,* the state court did not treat the 1996 petition as

procedurally infirm and refuse to entertain it on the merits. Rather, the state court ordered

amendment of Garcia's petition as a acceptable substitute for refiling and will entertain the merits

of the amended application.

Nevertheless, my research reveals language in Fifth and Third Circuit decisions that

indicates federal courts must "defer" to a state court's determination whether something was

properly filed. *Fahy v. Horn,* 240 F.3d 239, 243-44 (3rd Cir.) ("The AEDPA requires us to

interpret state law as we do when sitting in diversity cases, and we therefor must defer to a state's

highest court when it rules on an issue"), *cert. denied,* 122 S. Ct. 323 (2001); *Emerson v.*

---

did. The appellate court, however, characterized the issue of ineffectiveness during
postconviction proceedings and likewise dismissed the case, directing Johnson to refile in the trial
court. Johnson did so and the state trial court entertained the third petition on the merits. 265
F.3d 561-62.

*Johnson,* 243 F.3d 931, 935 (5th Cir. 2001) ("we defer to Texas courts' application of state law;"

held motion for reconsideration was properly filed and tolled limitations period since law did not

specifically prohibit such motions and Texas courts had considered them on the merits).

The *Fahy* court treated the Pennsylvania Supreme Court's decision that a state petition

was untimely and therefore the court had no jurisdiction to review it as conclusive of the issue

whether a petition was "not properly filed." 240 F.3d at 242, 244. Similarly, in the pre-*Artuz*

decision of *Adams v. LeMaster,* the Tenth Circuit declined to apply the federal prison mailbox rule

to determine if a New Mexico habeas filing was timely and, hence, "properly filed." 223 F.3d

1177, 1183-1184 (10th Cir. 2000), *cert. denied,* 531 U.S. 1195 (2001). In so holding, the Court

stated "[b]ased on the plain language of § 2244(d)(2), and in the interest of comity and due

deference, we too hold state law must determine when a state habeas petition is considered filed,"

*id.* at 1181 and "[a]s a matter of federal law, we look to state law to determine when and whether

a state petition was properly filed," *id.* n.3.

> In *Adams*, the Tenth Circuit rejected application of federal procedural law because it
>
> > could lead to an obvious absurdity in the many states with filing
> > deadlines for state petitions – a state court determination that a
> > state petition was untimely, and the federal courts tolling the federal
> > statute of limitations for the same petition because it was "properly
> > filed." This approach contravenes common sense, the clear
> > language of the statute, and our precedent.

*Id.* at 1181. Reading *Johnson* narrowly in light of these other decisions counseling deference to a

state court characterization, I am constrained to find that the 1996 petition was improperly filed.

The state court "treated" both the 1995 and 1996 petitions "formally defective" for the same

exact reason, although the latest decision uses the AEDPA-inspired phrase "not properly filed."

Moreover, dismissal of the 1995 petition with instructions to refile but then permitting amendment to cure the 1996 petition defects should not be considered inconsistent treatment. Because both decisions reject considering the petitions on the merits until the defect is cured, it is immaterial in my view that they employed a different means of allowing for the cure.  Under the narrow construction of *Johnson* and under *Fahy,* if a court rejects a petition as "procedurally irregular," it is immaterial that Petitioner eventually cures the problem.  Accordingly, I also find the 1996 petition was not properly filed and does not toll the limitations period.   To hold otherwise risks the contradictory outcomes identified in *Adams.*

Wherefore,

**IT IS HEREBY RECOMMENDED** that Petitioner's objections be overruled concerning the April 23, 1997 state petition, and that the January 5, 1996 state filing be found not to toll the limitations period.  Consequently, this action should be dismissed with prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period  if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE